CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 31 2020
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TORRANCE JONES, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:18cv00626 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN BRECKON, ) | By: Hon. Jackson L. Kiser |
| ) | Senior United States District Judge |
| Respondent. ) | |

Torrance Jones, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Relying on 28 U.S.C. § 2255(e), United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), United States v. Hairston, 754 F.3d 258 (4th Cir. 2014), and Johnson v. United States, 544 U.S. 295 (2005), Jones seeks to invalidate the sentence imposed on him by the United States District Court for the Eastern District of North Carolina, Case No. 5:96-cr-79, in 1997. Upon review of the record, I conclude that the respondent's motion to dismiss must be granted because I lack jurisdiction to consider Jones's § 2241 petition.

I.

In 1996, a jury in the Eastern District of North Carolina convicted Jones of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846; one count of possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and one count of possession with intent to distribute cocaine base and aiding and abetting, also in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Jones was sentenced to an enhanced sentence of 360 months imprisonment under the then-mandatory United States Sentencing Guidelines ("USSG").

Jones appealed, and the Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. The Supreme Court denied further review.

In 2000, Jones filed a motion to vacate his sentence pursuant to § 2255 ("First Motion to Vacate") in the sentencing court. The court denied the motion on the merits, and the Fourth Circuit affirmed the denial.

Following subsequent developments in Florida state law, Jones filed a challenge to his 1990 state marijuana conviction in the Florida courts. The marijuana conviction was vacated in February of 2004, due to constitutional violations. Jones next challenged his 1994 firearm conviction in state court based on actual innocence. That conviction was vacated in November of 2008.

Within a year of the vacatur of the second conviction, Jones filed a habeas petition pursuant to § 2241 in the United States District Court for the Southern District of Illinois. Jones argued that he was actually innocent of the sentence enhancement based on his successful Florida state post-conviction challenges and that his criminal history score should be lowered as a result of the vacatur of the two state convictions. The Southern District of Illinois transferred the petition to the Eastern District of Virginia on jurisdictional grounds. That court construed the petition as a motion to vacate under § 2255 ("Second Motion to Vacate") and transferred it to the U.S. District Court for the Eastern District of North Carolina, where Jones had also filed a motion under Fed. R. Civ. P. 60(b). The district court denied the motions as unauthorized second or successive § 2255 motions. Jones appealed the denials, but the Fourth Circuit denied Jones's request for a certificate of appealability ("COA") and request for leave to file a second or successive § 2255 motion, and dismissed the appeals.

In 2012, Jones filed another § 2255 motion ("Third Motion to Vacate") in the sentencing court. The court denied the Third Motion to Vacate as untimely because it was filed more than one year after the 2008 vacatur of Jones's second Florida state conviction. The court, however, granted a COA regarding its timeliness determination. The Fourth affirmed the district court's finding that the Third Motion to Vacate was time-barred.

In his instant § 2241 petition and supporting memorandum, Jones again argues that he is actually innocent of the enhanced 360-month sentence because two state convictions used to enhance that sentence have been vacated. Respondent filed a motion to dismiss, with supporting memorandum, based on lack of subject-matter jurisdiction. Jones filed a response in opposition to the motion to dismiss, and respondent filed a reply. Therefore, the matter is ripe for decision.

## II.

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); see Wheeler, 886 F.3d at 419. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); see also Hyles v. Breckon, No. 7:18-cv-00183-NKM, 2018 WL 3765375, at *3 (W.D. Va. Aug. 8, 2018) ("[A] procedural

impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective.").[1]

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." Id. at 425. Jones bears the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

In evaluating the substantive law in a § 2255(e) savings clause analysis, the court must "look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019). The North Carolina district court where Jones was convicted is within the Fourth Circuit. 28 U.S.C. § 41. Accordingly, the court applies both the procedural standard in Wheeler and Fourth Circuit substantive law. Id.

Jones challenges the enhancement of his sentence under the USSG based on his prior state convictions, which have since been vacated. He argues that he satisfies the requirements

---

[1] I have omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

of the savings clause because "he is in custody in violation of the 5th Ammendment [sic] and the laws of the United States, and he has no other adequate remedy of law in which to challenge two vacated state convictions that enhanced his sentence under the [USSG]." Jones Mem. at 1. Jones further argues that he satisfies the conditions for use of the savings clause and § 2241. Jones Mem. at 4; see also Opp. at 1. Respondent counters that the court lacks jurisdiction over the petition because Jones cannot satisfy the Wheeler conditions for use of the savings clause and § 2241, Resp. Mem. at 1, 4, and that the petition is untimely, id. at 4. Because I conclude that I lack jurisdiction over the petition, I do not address respondent's alternative timeliness argument.

Jones correctly argues that he satisfies Wheeler's first requirement that, at the time of his sentencing, his sentence was legal because the prior convictions that were used to enhance his conviction were valid. Jones Mem. at 4; see also Wheeler, 886 F.3d at 429 (noting that, at the time of sentencing, "settled substantive law of this circuit or the Supreme Court established the legality of the sentence . . .").

Jones, however, cannot meet Wheeler's second requirement that, subsequent to his direct appeal and first § 2255 motion, "the aforementioned substantive law changed and was deemed to apply retroactively on collateral review . . . ." Wheeler, 886 F.3d at 429. Jones argues that the Fourth Circuit's "statutory interpretation is retroactive in United States v. Hairston . . . ," Jones Mem. at 4, because it was decided after his direct appeal and first § 2255 motion and "abrogated the decisions in [his] prior motions," id. at 5.

In Hairston, the Fourth Circuit held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where, as here, the facts relied

5

on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." 754 F.3d 258, 262 (4th Cir. 2014). The court noted that "Hairston's claim was unripe at the time his numerically first motion was adjudicated. Accordingly, in light of the subsequent vacatur of his state . . . conviction, which contributed to the original guidelines calculation of his federal sentence, his motion was not successive." Id. The circuit court relied, in part, on the reasoning of the Tenth and Eleventh Circuits, both of which had held that motions such as Hairston's were not second or successive. Id. at 261 (citing In re Weathersby, 717 F.3d 1108, 1111 (10th Cir. 2013); Stewart v. United States, 646 F.3d 856, 863-65 (11th Cir. 2011)).[2]

Jones's reliance on Hairston is problematic for several reasons. First, as respondent observes, "Hairston was not a decision regarding any substantive law that affected Jones's underlying conviction or sentence." Resp. Mem. at 6; see also Hyles, 2018 WL3765375, at *3 ("Hyles fails to demonstrate that any change in substantive law has deemed: (1) his previously criminal act no longer criminal; or (2) his sentence fundamentally defective."); Dumas v. Breckon, No. 7:18-cv-00296-JPJ, 2018 WL 3374157, at *2 (W.D. Va. July 11, 2018) ("[Dumas] does not point to any change in the law after his § 2255 motion that decriminalized his admitted offense conduct. He also fails to show that his sentence involves any grave error in light of any particular retroactive changes in the law after his § 2255 motion.").[3] Similarly,

---

[2] Prior to Hairston, Weathersby, and Stewart, the Supreme Court held in Johnson v. United States, 544 U.S. 295 (2005), that a state court order vacating a prior state conviction was a "fact" for purposes of § 2255(f)(4), triggering a new one-year statute of limitations for filing a motion to vacate pursuant to § 2255, only if the petitioner showed "due diligence" in seeking the order. Id. at 298, 302. I do not doubt Jones's diligence in seeking the orders invalidating his state convictions. However, in his subsequent attempts to challenge his sentence in federal court, he has not been diligent in complying with applicable procedural rules.

[3] By contrast, in Lester the Supreme Court's holding in Chambers v. United States, 555 U.S. 122 (2009),

Jones has failed to identify any substantive settled law which changed and was deemed to apply retroactively to cases on collateral review. See Wheeler, 886 F.3d at 429.

Second, Hairston dealt with whether a numerically second motion to vacate was subject to § 2255(h)'s restrictions on second or successive § 2255 motions in circumstances such as Jones's, where a conviction used to enhance a sentence was vacated. See Hairston, 754 F.3d at 258-59, 262. Hairston did not address the savings clause, § 2255(e), or § 2241.

In addition, although respondent acknowledges that the Eastern District of North Carolina and Fourth Circuit's 2010 rulings that Jones's petition was an impermissible second or successive petition are inconsistent with Hairston, Resp. Mem. at 3 n.1, "at the time that Jones[] filed his 2009 § 2241 and § 2255 petitions, no authority existed to suggest that his petition was anything other than second or successive," Jones v. United States, 879 F. Supp. 2d 492, 497 (E.D.N.C. 2012). Hairston was not decided until 2014. The district court cannot be faulted for relying on then-existing authority, and it is not my place to second-guess the circuit's decision, cf. United States v. Henry, No. 1:12-cr-00024-JPJ, 2019 WL 3781447, at *1 (W.D. Va. Aug. 12, 2019) ("The Fourth Circuit denied a certificate of appealability and dismissed the appeal, holding that Henry had failed to show that the procedural ruling dismissing his second motion [as a successive § 2255 motion] was debatable or that his motion stated a debatable claim of the denial of a constitutional right. To take up the same issue pursuant to Henry's Rule 60(b) motion would be to flout the decision of the appellate court.").

---

that "the generic crime of failing to report to a prison was not a crime of violence," id. at 127-28, led lower courts to conclude that "the escape offense Lester committed was not a crime of violence either," Lester, 909 F.3d at 710. Lester then challenged the use of the conviction to enhance his sentence under the Armed Career Criminal Act ("ACCA"), and was found to meet Wheeler's conditions for use of the savings clause. See Lester, 909 F.3d at 712.

7

Moreover, in denying a recent Rule 60(b) motion filed by Jones, the Eastern District of North Carolina stated:

> The Fourth circuit's opinion in United States v. Hairston does not provide petitioner with a basis for relief. The Hairston court held that, in the context of a petitioner who had, like Jones, obtained vacatur of a state court judgment and filed a second § 2255 motion on that basis, a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where, as here, the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated. The Hairston decision itself would not provide petitioner with a new basis upon which to file a timely § 2255 motion, and even if it could the instant motion was filed more than eighteen months after Hairston was decided, and would therefore be beyond § 2255(f)'s one year limitations period.

Jones v. United States, No. 5:96-cr-79, 2016 WL 4733100, at *2 (E.D.N.C. Sept. 9, 2016); see also id. (noting that "Rule 60(b)(6) is not ordinarily available to those challenging previously denied habeas relief," that petitioner could not "rely on Hairston to reach back to his 2009 motion to render it not barred as second or successive," and that even if the court "converted the . . . motion to one under § 2255 and applied Hairston in order to find it not barred as successive, petitioner's state judgments were vacated in 2004 and 2008, and § 2255(f)'s limitations period would bar his claims as untimely." (citing United States v. Jones, 758 F.3d 579, 582 (4th Cir. 2014))).[4] Therefore, Jones has already relied on Hairston to attempt to present the same argument he puts forth here and has been unsuccessful. Cf. Henry, 2019 WL 3781447, at *1.

Although I need not address the third and fourth Wheeler conditions, see Cook v.

---

[4] As noted above, respondent also argues that the motion is untimely. Resp. Mem. at 4. Based on the foregoing, the court need not address that argument.

Warden, USP Lee County, No. 7:18-cv-00311-GEC, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019) (noting that all four Wheeler requirements must be satisfied), I briefly note that Jones cannot meet the third requirement that he be unable to meet the requirements of § 2255(h)(2) for second or successive motions. See Wheeler, 886 F.3d at 429. Jones argues that, although he has admittedly presented his arguments before to both the Eastern District of North Carolina and the Fourth Circuit, "no Court has EVER adjudicated his claim on the merits." Jones Mem. at 3.

"It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions [of § 2255]." Jones, 226 F.3d at 333. Instead,

> [A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of such a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Here, it is clear that Jones had multiple opportunities to raise his claim. The fact that he failed to comply with applicable procedures does not render § 2255 "inadequate or ineffective . . . ." 28 U.S.C. § 2255(e); see also Vial, 115 F.3d at 1194 n.5; Jones v. United States, 879 F. Supp. 2d at 496 ("While Jones filed his § 2241 petition within one year from the date from the date that his conviction was vacated in 2008, Jones filed the incorrect motion in the incorrect court."); id. at 497-98 (finding that 2012 petition was untimely and that Jones was not entitled to equitable tolling, but granting a COA on the timeliness issue).

Based on the foregoing, it is clear that Jones has failed to satisfy <u>Wheeler</u>'s requirements for use of the savings clause. Accordingly, respondent's motion to dismiss must be granted.

## III.

For the reasons stated, I will grant respondent's motion and dismiss Jones's § 2241 petition without prejudice for lack of jurisdiction. <u>Wheeler</u>, 886 F.3d at 424-25 (holding that § 2255(e) is jurisdictional).

**ENTERED** this 31st day of March, 2020.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE